IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES LUCAS,

                Plaintiff,

v.                                              CIVIL ACTION NO. 2:17-cv-03894

DAVID BALLARD, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

I.    Introduction

This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 30, 2018, Judge Tinsley submitted his Proposed Findings and Recommendation [ECF No. 6] ("PF&R"), recommending the court dismiss this matter for failure to state a claim upon which relief can be granted. On September 10, 2018, the plaintiff timely submitted his objections to the PF&R [ECF No. 7]. For the following reasons, the court **OVERRULES** the plaintiff's objections [ECF No. 7], **ADOPTS** the PF&R [ECF No. 6] in full, and **DISMISSES with prejudice** the plaintiff's Complaint [ECF No. 1] for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.

## II. Procedural History

Because the plaintiff makes no specific objections to the PF&R's procedural history, the court **ADOPTS** the procedural history as set forth in the PF&R in full.

## III. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report de novo, this court will consider the fact that the plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## IV. Discussion

The plaintiff has submitted two discernable objections to the Magistrate Judge's PF&R. I will address each objection in turn.

### a. Fifth Amendment Claim

The plaintiff alleged in his Complaint that the defendants violated his Fifth Amendment right against self-incrimination by banning him from utilizing the band room or participating in the band program for not being IRPP[1] compliant, when he could not become IRPP compliant without taking a class that required him to take responsibility for his crimes. In recommending the court find that the plaintiff has not alleged a plausible violation of his Fifth Amendment right, the Magistrate Judge relied on *McKune v. Lile*, 536 U.S. 24 (2002). In *McKune*, the Supreme Court held that prison officials do not violate the Fifth Amendment by imposing adverse consequences on prisoners who refuse to participate in programs that require them to admit their guilt. *Id.* at 48. In his objections, the plaintiff argues that *McKune* is inapplicable to this case because a band instructor, not a jail administrator, initially banned the plaintiff from using the band room. The court finds this minor distinction of no consequence.

The plaintiff's own objections demonstrate that there are no significant differences between this case and *McKune*. The plaintiff states that jail administrators *were* involved in banning him from the band room and band program. Specifically, the plaintiff notes that the administrators "back[ed]" the band instructor. Moreover, *McKune*'s holding did not rest on which administrator or employee initially imposed adverse consequences on the prisoner but instead rested

---

[1] "IRPP" stands for "Individual Reentry Program Plan." *See Longwell v. Ballard*, No. 11-0912, 2012 WL 5232243, at *1 (W. Va. Oct. 19, 2012).

on the nature of the adverse consequences. *See id.* at 52 (O'Connor, J., concurring) (emphasizing that the resulting adverse consequences were "minor").

Notably, the plaintiff in this case lost substantially fewer and less significant privileges than the inmate in *McKune*. In *McKune*, by refusing to participate in the rehabilitative program, the inmate lost his visitation rights, earnings, and work opportunities and was moved from a two-person cell to a four-person cell. *Id.* at 31. Here, the plaintiff has merely lost band room privileges. As such, the plaintiff has not alleged a plausible violation of his Fifth Amendment right against self-incrimination. The objection is overruled.

### b. Proposed Amendment

On June 19, 2018, the plaintiff filed a proposed amendment to his Complaint in which he attempts to challenge a new policy concerning the housing of nonviolent level 3 classified inmates who have refused to participate in rehabilitation programs or classes with higher security classification inmates. The plaintiff claims that this is punishment for the refusal to complete the subject classes. The Magistrate Judge recommended the court find that the plaintiff has not demonstrated any actual injury from this policy and that an amendment would therefore be futile. The plaintiff objects to the Magistrate Judge's "suggest[ion]" that moving level 3 inmates into dorms with higher security classification inmates is *de minimus* harm.

The plaintiff's reading of the PF&R is simply incorrect. The Magistrate Judge never referred to the moving of inmates as *de minimus* harm. Judge Tinsley

4

recommended the court find that the plaintiff did not have standing to challenge the new policy because his injury is only speculative. "The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of L.A. v. Lyons*, 461 U.S. 95, 101–02 (1983). The court finds the plaintiff has not demonstrated any actual injury from the policy. Thus, he has not stated a plausible claim for relief, and his proposed amendment would be futile. The objection is overruled.

V. Conclusion

The court **OVERRULES** the plaintiff's objections [ECF No. 7], **ADOPTS** the PF&R [ECF No. 6] in full, and **DISMISSES with prejudice** the plaintiff's Complaint [ECF No. 1] for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge.

ENTER: October 19, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE